UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY PASSARO, SR.; obo ANNA PASSARO; obo ANTHONY PASSARO, JR.; obo FAITH PASSARO (minor child) obo ANTHONY PASSARO III (minor child); JUAN PEREZ; DARREN AQUINO,

                       Plaintiffs,

   -against-

THE UNITED STATES-HONORABLE JUDGE JOANNA SEYBERT in her official capacity; THE UNITED STATES HONORABLE JUDGE SPATT in his official capacity; NASSAU COUNTY RECEIVER OF TAXES, DONALD CLAVIN; NASSAU COUNTY EXECUTIVE, EDWARD MANGANO in his official capacity; CEREBRAL PALSY ASSOCIATION OF NEW YORK STATE; THE REVERE HOUSE; MS. WILLAMENA THOMPSON in her official capacity; THE SOCIAL SECURITY ADMINISTRATION on behalf of Anna Passaro; ANDREW KOSSOVER, ESQ. of Ulster County -18B attorney; DR. JERRY GOLDMAN of the medical staff of the Ulster County Correctional Facility; THE ULSTER COUNTY JAIL; NEW YORK STATE POLICE DEPARTMENT OF ULSTER COUNTY; STATE SUPREME COURT JUDGE ROGER MCDONOUGH in his official capacity; THE ULSTER COUNTY DISTRICT ATTORNEY'S OFFICE; OFFICE OF MENTAL RETARDATION DEVELOPMENTAL DISABILITIES hereafter known as OMRDD; AMY LOWENSTEIN, ESQ., of the New York State Advocates for the Disabled in her official capacity; STATE OF NEW YORK DEPARTMENT: OF CORRECTIONS; PEGGY LOFFREDO in her official capacity; STATE OF NEW YORK WORKERS COMPENSATION BOARD; WORKERS COMPENSATION ADMINISTRATIVE LAW JUDGE ELAINE STOGEL in her official capacity; THE GOVERNOR OF THE STATE OF NEW YORK in his official capacity; THE HONORABLE ANDREW CUOMO; JANE DOE AND JOHN DOE,

                       Defendants.
------------------------------------------------------------X



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/11

ORDER OF DISMISSAL

11 Civ. 551 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiffs Anthony Passaro, Sr., Juan Perez and Darren Aquino, appearing *pro se*, bring this action under the Americans with Disabilities Act. Anthony Passaro, Sr., who is not an attorney, also seeks to bring claims on behalf of his sister, who is confined in a group home, and his adult son, who is incarcerated in Mohawk Correctional Facility, neither of whom has signed the Complaint. He also brings claims on behalf of his two minor children.

Plaintiffs bring an order to show cause seeking: (1) to vacate the second degree murder conviction of Passaro, Sr.'s adult son, Anthony Passaro, Jr., and an order directing that he be transferred to a facility where he will receive appropriate medical care; (2) to have Anna Passaro, be released from a group home, where she was injured, into Anthony Passaro Sr.'s care and to have payments formerly made to Revere House made to him; (3) review of the May 26, 2010 decision of an administrative law judge ("ALJ") that Anna Passaro is not entitled to social security survivor benefits dating back to 1979; (4) the return of $25,000 that Anthony Passaro, Sr. invested in real property at "4 Pine Tree Lane in Saugerties, NY," and seeking to enjoin unidentified relatives of his deceased wife from interfering with his real and personal property; (5) to appoint a Spanish-speaking interpreter for Juan Perez for a hearing in Brooklyn, New York, before an ALJ of the Workers' Compensation Board and to order "immediate spinal surgery"; (6) a reimbursement for Darren Aquino for overpaid real property taxes for real property in Nassau and/or Suffolk County and to set aside stipulations made in Aquino v. Millenium Hyundai, No. 03 Civ. 5987 (E.D.N.Y. 2008) (granting defendants' motions to dismiss) because district court judges of the Eastern District of New York improperly denied him accommodations under the ADA. Plaintiffs allege that these seemingly unrelated claims should be heard in one action because they "are all disabled and qualified individuals as defined under the Americans with Disabilities Act, and [Plaintiffs] have all been discriminated against by the State of New York as people with disabilities." Id. at 12.

2

The Court grants the requests to proceed *in forma pauperis* of Plaintiffs Passaro, Sr., Perez and Aquino. For the reasons set forth below, the Order to Show Cause is denied, and the Complaint is dismissed without prejudice.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Anthony Passaro Jr.

Beginning on or about September 26, 2007, Anthony Passaro Jr. was incarcerated in Ulster County Jail and Ulster County Correctional Facility pending trial. Compl. at 2. Passaro Jr. has "diabetes, multiple sclerosis, [is] bipolar and [has] psychotic disorder." Id. at 5. Plaintiff Passaro Sr. alleges that Passaro Jr. is his son and that Passaro Jr. has been denied "[a]ppropriate medical and mental treatment." Id. at 5. He alleges that "the necessary medication was denied with malice [and h]e was [not] administered the correct insulin." Id. Plaintiffs also allege that Passaro Jr. did not receive appropriate treatment for a broken hip, which resulted in an infection. Id. Dr. Jerry Goldman of Ulster County Correctional Facility is named as a Defendant, but Plaintiffs fail to allege how Dr. Goldman was personally involved in any deprivation of Passaro Jr.'s rights.

After his conviction on murder charges in 2009, Passaro Jr. was transferred to Mohawk Correctional Facility in Oneida, New York. Passaro Jr. had "third degree bedsores" when he arrived at the new facility. Id. at 3. Officials at one or both Ulster County facilities failed to transfer medical records to Mohawk Correctional Facility. Id.

Plaintiffs allege that trial counsel was ineffective in representing Passaro Jr. and that Passaro Jr. was incapable of understanding his crime or the trial proceedings. They seek to vacate his conviction.

Anna Passaro

Passaro, Sr. also purports to bring suit on behalf of his adult sister, Anna Passaro, alleging that she has been confined in various group homes since 1987. Compl. at 3. Plaintiffs allege that in 2000, she was "savagely beaten" by employees of Revere House and that employees lied to him about the injuries saying that she had fallen. Id. at 6. Defendant Wilamena Thompson failed to make any report of the incident. Id. Plaintiffs allege that Anna Passaro was injured again in November 2010. Id. at 7. Plaintiff Anthony Passaro Sr. seeks to have her released to his custody and asks that payments formerly made to Revere House be paid to him. Id.

Plaintiffs also seek review of a May 26, 2010 decision of an Administrative Law Judge ("ALJ") of the Social Security Administration that Anna Passaro is not entitled to social security survivor benefits dating back to 1979. Id. at 11. Plaintiffs do not allege that the Appeals Council has issued a decision with respect to this claim.

Juan Perez

Plaintiff Juan Perez asks the Court to appoint a Spanish-speaking interpreter for him for a hearing in Brooklyn, New York, before an ALJ of the Workers' Compensation Board. Perez further alleges that he "had to wait years before receiving a check" and that he needs "immediate spinal surgery." Id. at 3, 7. Perez alleges that he should be "classified to determine a weekly wage to sustain him." Id. at 4.

Darren Aquino

Plaintiff Darren Aquino, who is identified as a "National Disability Advocate," alleges that he was improperly denied a reduction of his real property taxes for property in Nassau and/or Suffolk County. He seeks "reimbursement of the 3 years of overpaid taxes." Id. at 12. Aquino also alleges that district court judges of the Eastern District of New York improperly denied him accommodations under the ADA in Aquino v. Millenium Hyundai, No. 03 Civ. 5987 (E.D.N.Y. 2008) (granting defendants' motions to dismiss).

Anthony Passaro Sr.

Anthony Passaro Sr. seeks the return of $25,000 that he invested in real property at "4 Pine Tree Lane in Saugerties, NY, " Compl. at 10, which is in Ulster County. He also seeks to enjoin unidentified relatives of his deceased wife from interfering with his real and personal property. Id. Passaro Sr. also purports to assert claims on behalf of his minor children, Faith Passaro and Anthony Passaro III, on the theory that they have rights "as heirs to th[e] house." Id.

## DISCUSSION

A. Misjoinder of Plaintiffs

Rule 20 of the Federal Rules of Civil Procedure provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, . . .[or] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in this action." Fed. R. Civ. P. 20. The claims of Plaintiffs Juan Perez, Darren Aquino and Passaro Sr. on his own behalf and on behalf of his children as "heirs" are not properly brought in the same action because they do not assert any right to relief jointly against the same Defendant(s) and do not assert any right to relief arising out of the same transaction or series of transactions.

Plaintiff Anthony Passaro Sr. seeks to recover $25,000 that he alleges he invested in the home of his deceased wife in Ulster County. Compl. at 10. Plaintiff Juan Perez seeks proper

classification of his workers' compensation benefits and asserts a right to medical care. Plaintiff Darren Aquino seeks to have his Nassau County property taxes recalculated. None of these claims is brought against the same Defendants or asserts a right to relief arising out of the same transaction, and thus these claims are not properly brought in the same action.[1]

Moreover, the Court rejects Plaintiffs' argument that these unrelated claims pose the same question of law under the Americans with Disabilities Act. Title II of the ADA "proscribes discrimination against the disabled in access to public services." Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84-85 (2d Cir. 2004). It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. In order for a plaintiff to establish a *prima facie* violation under the ADA, he must demonstrate that: (1) he is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of the disability. See Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003).

The question whether Passaro Sr. is a qualified individual with a disability is not a "common question of law" with the issue of whether Aquino or Perez is a qualified individual under the ADA. Likewise, the question of whether the different entities that allegedly discriminated against the different Plaintiffs are subject to the ADA does not pose the same legal question. Finally, the question of whether the different Plaintiffs were discriminated against by different Defendants because of their different disabilities does not pose the same question. In sum, Plaintiffs' claims that different Defendants discriminated against them in wholly separate

---

[1] Even if these claims were properly joined and subject matter jurisdiction existed, venue would not lie in this Court for claims relating to real property in Ulster, Nassau and Suffolk Counties. See 28 U.S.C. § 112(a) (Ulster County is within the Northern District of New York); Id. at § 112(c) (Nassau and Suffolk County are within the Eastern District of New York).

transactions do not satisfy the rules for joinder in Rule 20 of the Federal Rules of Civil Procedure. See, e.g., DIRECT TV, INC. v. Armellino, No. 03 Civ. 2630, 216 F.R.D. 240, 240 (E.D.N.Y. July 28, 2003) (dismissing claims without prejudice under Fed. R. Civ. P. 20 because "it is improper to join [parties] who are unrelated either factually or legally"). The Court therefore dismisses without prejudice the claims of Plaintiffs Perez and Aquino as not properly joined in this action.[2] The Court also dismisses without prejudice the claims that Anthony Passaro Sr. brings on his own behalf relating to real property in Ulster County.

B.   Pro Se Litigant Cannot Represent Third Parties

Plaintiff Anthony Passaro Sr. asserts claims on behalf of his minor children, his incarcerated adult son, and his disabled adult sister, for whom he has been appointed guardian. The statute governing appearances in federal court allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing 28 U.S.C. § 1654). Thus, "the statute does not permit 'unlicensed laymen to represent anyone other than themselves.'" Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007).

The Second Circuit has concluded that, with limited exceptions, a parent may not represent a minor child. See Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Wenger v. Canastota Central School District, 146 F.3d 123, 125 (2d Cir. 1998) (district court required to raise *sua sponte* the issue of a child's representation by a non-attorney). But, where the owner of a claim is a minor or incompetent person, "unless that claimant is properly represented by a guardian *ad litem* [and] that representative either is, or is

---

[2] In any event, the question of whether Perez is entitled to compensation under the Workers' Compensation Laws of the State of New York, or to be classified in a particular manner, is a question of state law. Insofar as Plaintiff asks this Court to direct the New York State Workers' Compensation Board or an ALJ thereof to order certain relief under state law, the Eleventh Amendment divests federal courts of jurisdiction to order state officials to comply with state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted." Berrios v. New York City Housing Authority, 564 F.3d 135 (2d Cir. 2009). "If the guardian is not an attorney and does not obtain counsel, and if it is not clear to the court whether a substantial claim might be asserted on [behalf of the minor or incompetent person], the court should decide whether to appoint counsel. . . . If counsel is not secured or appointed, the court may dismiss the complaint but without prejudice." Id. at 136.

1.  Claims on Behalf of Minor Children

Having dismissed Passaro Sr.'s claim relating to real property in Ulster County, the Court also dismisses without prejudice the claims that he purports to bring as a non-attorney on behalf of his minor children, Faith and Anthony Passaro III, as "heirs to [the] house." Compl. at 10.

2.  Claims on Behalf of Sister Anna Passaro

Anthony Passaro Sr. seeks to raise two claims on behalf of his sister, Anna Passaro: (1) a challenge to the May 26, 2010 decision of an administrative law judge ("ALJ") that she is not entitled to social security survivor benefits dating back to 1979; and (2) an order that she be released from a group home where she has been injured into Anthony Passaro Sr.'s care and that payments formerly made to Revere House be made to him.

Both claims are dismissed without prejudice on grounds that, under Rule 20 of the Federal Rules of Civil Procedure, Anna Passaro is not properly joined with the other Plaintiffs in this action. With respect to the claim for social security survivor benefits, such claims can be brought alone in a separate suit after such claims have been completely exhausted and the Appeals Council of the Social Security Administration has issued a final decision.

3.  Claims on Behalf of Incapacitated Adult Son, Anthony Passaro Jr.

Plaintiffs allege that Anthony Passaro Jr.'s conviction should be vacated because he was not fit to stand trial and his counsel was ineffective. A petition for a writ of *habeas corpus* is the proper vehicle for a challenge to a state court conviction seeking release from imprisonment. See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (9173). Passaro's Sr.'s claims

seeking to challenge his son's Ulster County conviction are dismissed without prejudice because it is not clear that Passaro Sr. can represent his son without counsel, a *habeas* Petitioner is not properly joined in this action, and venue would not lie in this Court as Passaro Jr. was not convicted in a court within this District and is not incarcerated in this District. The Court notes that any § 2254 Petition must comply with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") regarding timeliness and exhaustion of state court remedies. See 28 U.S.C. § 2244(d).

Passaro Sr. alleges that officials of Ulster County Jail, Ulster County Correctional Facility and Mohawk Correctional Facility in Oneida County, New York, have been deliberately indifferent to the serious medical needs of his son, Anthony Passaro Jr., since his incarceration beginning in September 2007. Under Berrios,"[i]f counsel is not secured or appointed, the court may dismiss the complaint but without prejudice." Berrios, 564 F.3d at 136. Insofar as Passaro Sr. may bring these claims in a separate action, the Court notes that venue for claims of deliberate indifference to Passaro Jr.'s medical needs arising while he was incarcerated in Ulster County and Oneida County would not lie in this Court. See 28 U.S.C. § 1391(b); 28 U.S. C. §112 (a) (Ulster and Oneida Counties are within the Northern District of New York).[3]

C.   Order to Show Cause Denied

In order to obtain injunctive relief, plaintiff must show (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. See Malkentzos v. DeBuono, 102 F. 3d 50, 54 (2d Cir. 1996); Able v. United States, 44 F. 3d 128, 130 (2d Cir. 1995). Plaintiffs fail to show

---

[3] Because PLRA requirements apply only to plaintiffs who are prisoners, some lower courts have held that the PLRA does not apply to suits on behalf of a prisoner, such as suits brought by a guardian. See, e.g., Rivera-Rodriguez v. Pereira-Castillo, 2005 WL 290160, at *5-6 (D.P.R.. Jan. 31, 2005) (guardian not a prisoner); Alabama Disabilities Advocacy Program v. Wood, 584 F. Supp. 2d 1314, 1316 (M.D. Ala. 2008) (advocacy organization not a prisoner). But see Braswell v. Corrections Corp. of America, 2009 WL 2447614, at *4 (M.D. Tenn. Aug. 10, 2009) (applying PLRA to suit by guardian).

either a likelihood of success or irreparable harm. Having dismissed the Complaint without prejudice, the Order to Show Cause is denied as moot.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. Plaintiffs' Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice. The Order to Show Cause is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: FEB 08 2011
New York, New York

ORDER OF DISMISSAL AND APPEAL INSTRUCTIONS MAILED BY PRO SE OFFICE ON __/__/__